UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DESI DOWNEY | CIVIL ACTION |
| VERSUS | NO: 13-5744 |
| FEDERAL EMERGENCY MANAGEMENT ADMINISTRATION, ET AL. | SECTION: "A" (4) |

## ORDER

The following motion is before the Court: **Motion to Dismiss and Motion for Summary Judgment (Rec. Doc. 12)** filed by William Craig Fugate, Administrator of the Federal Emergency Management Agency, and the Federal Emergency Management Agency. Plaintiff Desi Downey opposes the motion. The motion, scheduled for submission on January 1, 2014, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED IN PART AND DENIED IN PART.

## I.     BACKGROUND

Plaintiff Desi Downey has brought this suit against the Administrator of the Federal Emergency Management Administration, William Craig Fugate, and the Federal Emergency Management Administration (hereinafter collectively referred to as "FEMA") to obtain additional payments under a Standard Flood Insurance Policy issued by FEMA. Downey's property, which is located in Washington Parish, sustained flood damage on August 29, 2012, during Hurricane Isaac. Downey submitted one proof of loss ("POL") to FEMA on November 11, 2012, and another one on May 12, 2013, and received payment of the amounts claimed on both POLs. Downey received a total of $34,527.59 for building damage and $17,620.77 for damage to contents. (Rec. Doc. 12-6, UMF ¶¶ 12, 13).

On September 3, 2013, Downey received a report from a private adjuster who opined

that the POLs pertaining to the building had been substantially deficient and that a proper repair estimate (before deductible and depreciation) would be $67,764.43. (Rec. Doc. 13-3). Two days later, Downey filed the instant lawsuit claiming that she had not been adequately compensated for her losses, which she estimates to be in excess of $130,000. (Rec. Doc. 1, Comp. ¶ 12).

FEMA moves for dismissal and/or summary judgment arguing that Downey never submitted a POL for the supplemental insurance payments that she seeks to recover in this action.[1] According to FEMA, Downey's failure to submit a POL on the supplemental payments precludes her from suing for those payments in this lawsuit.

## II. DISCUSSION

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (*citing Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (*citing Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (*quoting Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir.

---

[1] FEMA also moves for dismissal of any claims against the entity referred to as Federal Emergency Management Agency, and moves to strike the jury demand. Downey concedes that Federal Emergency Management Agency is not a proper party to this proceeding, and that she has no right to a jury trial on her claims. (Rec. Doc. 13, Opposition at 1 n.1). The motion is therefore uncontested as to these two points.

2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (*quoting Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (*quoting Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (*quoting Iqbal*, 129 S. Ct. at 1950).

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

The terms and conditions of all federal flood insurance policies are fixed by FEMA.

*Gowland v. AETNA*, 143 F.3d 951, 953 (5th Cir. 1998). A National Flood Insurance Program participant cannot file a lawsuit seeking further federal benefits under a flood policy unless the participant can show prior compliance with all policy requirements. *Richardson v. Am. Bankers Ins. Co.*, 279 Fed. Appx. 295, 298 (5th Cir. 2008) (unpublished) (*citing* 44 C.F.R. § 61, app. (A)(1), art. VII.R). Federal flood policies require that an insured asserting a claim file a POL within 60 days listing the damage sustained and the amount claimed due under the policy to cover the loss. *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 387 (5th Cir. 2005) (*quoting* 44 C.F.R. §§ 61.13(a), (d), (e) (1993)). An insured's failure to provide a complete, sworn POL statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim. *Gowland*, 143 F.3d at 954.

Turning now to the instant case, it is undisputed that FEMA paid Downey the full amount of the two POLs that she submitted for her losses, and that Downey did not submit any other POL to FEMA for additional compensation over and above what FEMA paid. (Rec. Doc. 12-6, UMF ¶ 15). FEMA contends that this omission is fatal to Downey's claims herein but Downey takes the position that her two prior POLs were sufficient to preserve her ability to pursue additional monetary recovery for the losses claimed on those POLs. According to Downey, the case law in this circuit—which imposes a strict and unforgiving compliance standard with respect to the POL requirement—only stands for the proposition that a lawsuit is barred if the claimant never submitted a POL at any time.

No controlling decision has considered the specific argument that Downey makes to this Court. To be sure, the law in this circuit, which developed in the context of cases that involved insureds who had never submitted a POL, does require strict compliance with the POL requirement. But the Court is persuaded that the correct approach in a situation like the one at hand is demonstrated by *Stogner v. Allstate Insurance Co.*, No. 09-3037, 2010 WL

4

148291 (E.D. La. Jan. 11, 2010) (Berrigan, J.), which Downey cites to the Court. In *Stogner*, Judge Berrigan recognized that a supplementary POL would typically be required when the claimant requests more in a supplementary claim but under some circumstances a new POL might very well be unnecessary, particularly where the claimant is not attempting to claim wholly new losses. As in *Stogner*, the Court cannot rule out the possibility, at least not on the current record, that Downey is not attempting to claim wholly new losses.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss and Motion for Summary Judgment (Rec. Doc. 12)** filed by William Craig Fugate, Administrator of the Federal Emergency Management Agency, and the Federal Emergency Management Agency is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** insofar as Defendant moves to strike the jury demand and for dismissal of Federal Emergency Management Agency. The motion is **DENIED** in all other respects.

January 17, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE